Judge Rawlinson, may it please the court, Michael Paisner representing appellant the Boeing Company. I'd like to reserve three minutes for rebuttal. It is undisputed that this case satisfies the threshold requirements for mass action status under CAFA, including minimal diversity as plaintiffs are Washington residents and Boeing is a citizen of Illinois and Delaware. In nonetheless remanding this case under the local controversy exception, the district court misapplied settled CAFA law as well as this court's instructions in the first appeal. As is now well established, courts are to apply a strong preference in favor of federal jurisdiction over properly removed mass actions. That means construing the local controversy exception narrowly and holding plaintiffs to their burden of proving that the exception applies. Are you talking to me because I dissented last time? No, your honor. No, your honor. Talking to the whole court. Talking to the whole court. You properly applied the presumption but just reached the incorrect outcome in our view in that case. While the district court here recited the correct standards, it did not apply them, resolving doubts against removal and drawing inferences in favor of the plaintiffs. Contrary to the district court, plaintiffs' allegations against Landau for exactly the same conduct that they also attribute to Boeing are far too general, vague, and limited to satisfy the significant basis. Well, we have a little refinement since we were here last and basically we know that we have to, you know, it's a pleading stage determination and we have to look to what is alleged in the complaint to see whether the local exception applies. And here you have a situation where the allegations are that, you know, that Boeing's the polluter and that they retained Landau to investigate and remediate and it was for probably, we've got a 10-year period there, right? I don't see how with all, it seems with all of the plaintiffs being from Washington and the property is in Washington and that Landau, you know, I don't see how you could bring this case without bringing Landau in and there's no way knowing at the pleading stage, you know, if let's say Landau did nothing for 10 years, they would clearly, it would clearly be significant what's going on and they would have to bring them in. No one in their right mind, if you were to bring this case without alleging Landau, I'm, you know, I, Boeing would just be blaming everything on Landau, all right? You're going to be pointing the, you know, and that nothing in a lot of these cases, say the 10 years of exposure could make it worse for all the people around there. So it seems like you've got a pretty big rock to push uphill here. Well, Judge Callahan, of course, it is, as I stated, plaintiff's burden to prove that the local controversy exception applies and all doubts have to be resolved in favor of federal jurisdiction. And this complaint does not provide any of the type of detailed allegations. Well, it's got all of that. It's got all of that. It's got all of the allegations that you just stated. It's got everything that I've just said. There have to be detailed allegations from which the conduct of the in-state defendant and the out-of-state defendant can be compared. And these allegations are generic, boilerplate, and undifferentiated. Not really. No, they're not really because if, let's just say if we go to the other case where they were saying 15 to 20 percent, we have that, and in that case, how could you hear Every single one of the plaintiffs is suing Landau, too, besides Boeing. So they're pulling Landau in on every single one of them. And without having had discovery, how could, you know, how can you expect them to have, say it's 100 percent, it's 50 percent or whatever, but we know that they're all suing them. We know that there's a 10-year investigation and remediation period alleged. Why can't that just be enough here at this particular stage? Well, Your Honor, the courts have been clear that there have to be sufficiently detailed allegations to permit the comparison to be made. And what would you have them say without discovery? What would you have them say? They could have... They're not minor, it's not a minor player here. That's right. They could have made... They're hired to remediate and investigate, and it's over a long period of time. They have to make detailed allegations to permit the comparison. So one example would be the Benko case that you just referenced. Now, in Benko, of course, the plaintiffs amended their complaint to add detailed and express allegations that the in-state defendant was responsible for 15 to 20 percent of the overall wrongs asserted, and also specifically identified the dollar value of the relief that they were seeking from the in-state defendant, $5 to $8 million. There is nothing like that in this complaint. They don't provide any basis for comparing the conduct of Landau to the conduct of Boeing. They don't specify in any way the relief that they're seeking from Landau. They don't allege joint and several liability, which is present in almost every case where their significant relief requirement has been found to be satisfied. They don't even allege that they're seeking damages equally from Landau and Boeing. And in fact, there are three separate claims against Boeing. Plaintiffs are seeking separate damages on each of those claims, only one claim against Landau, and they're not seeking equitable relief. Now, I'd like to maybe turn, just because you were getting to the details of the allegations, maybe we can just look at the district court opinion, pages 9, 10, and 11. That summarizes the allegations that the district court was relying on. And basically, the allegations are, and this pretty much sums it up, at a very high level, there was a plume moving off of the Boeing property in 2002. Landau knew about it. Landau and Boeing didn't conduct a proper remediation. Then there was a second plume moving off. Boeing and Landau knew about it and didn't conduct a proper remediation. It's hard to imagine more generic allegations. This doesn't even suffice to state a claim against Landau, because there's no duty alleged from Landau to the plaintiffs. But even if it did, there is no indication about what specific role Landau played in the remediation activities. There is no indication about any interactions that Landau may have had with these specific plaintiffs. Instead, you simply get lumping Boeing and Landau together for every allegation, attributing all of the same conduct at a high level of generality to both companies. That just isn't enough. What is the effect of the fact that on prior appeal, though, there was the holding by this court, this panel, basically, that there was no fraudulent joinder of Landau? Well, of course, Judge Gilman- There had been no merit or no stating of a cause of action. Presumably, they would have found fraudulent joinder, wouldn't they? Fraudulent joinder is a very different standard than we're dealing with here. At a minimum, fraudulent joinder requires a showing of impossibility. It's pretty much the hardest standard to meet. At a minimum here, plaintiffs have to demonstrate that they meet the federal pleading standard for their claim, which requires a claim that is plausible on its face. This claim is not. But even if they've overcome that threshold, they bear the additional burden of providing detailed allegations that permit a comparison between the conduct of and the relief sought from the in-state and out-of-state defendant. And they haven't done it here. This is very similar to the Fifth Circuit's decision in Opelousas, which this court cited favorably in Benko. There you had similarly undifferentiated allegations against an in-state and out-of-state insurance company alleging that they had engaged in a fraudulent payment scheme. And what the court said is those allegations do not suffice to carry significant basis because you can't make a comparison between the conduct of the in-state and out-of-state defendant based on those allegations. Now, here there's the further problem, which is that this complaint spans almost five decades. This is about Boeing's use of industrial solvents at the Auburn Fabrication Plant, its alleged release of those solvents into the ground, its entry into the agreed order with the State Department of Ecology to investigate and remediate the contamination, and then the remediation activities that occurred as Boeing's responsibility during the subsequent 10 years. Landau is at most a company that was brought in and hired to clean up contamination. It had absolutely nothing to do with. This case is about Boeing's alleged contamination and its obligations. And Landau's alleged obligation to do the remediation since 2002. Why is that insignificant? Well, it's insignificant because it's supposed to be through the lens of an experienced lawyer or judge. But what if in the time that they were supposed to be doing remediation, that's when the plumes were going further and it was affecting more people and it was a longer exposure over a period of time? Why couldn't Landau be significantly responsible for exacerbating the situation? Maybe when the plume first started, it wasn't really getting to anyone, but over a period of time. Well, that's where it's important to always return to the fact that plaintiffs have the burden. They have to make specific allegations. All doubts have to be resolved in favor of federal jurisdiction. So while there are a lot of things that are possible when you have a boilerplate generic complaint like this, they're the ones who have to provide the allegations that permit the comparison to be made. When you just lump two defendants together, look, if their arguments are accepted here, it would result in a significant shift in the law. Because it would mean that any time plaintiffs sue an in-state and out-of-state defendant and just allege generically, well, both defendants caused us harm, that would necessarily satisfy the requirements. But that's not the law. It would gut the requirements and it would amount to an effective reinstatement of the presumption against CAFA removal that the Supreme Court has rejected. These allegations are so bare bones that they don't even state a duty. But if they did, there's the additional burden that plaintiffs have to overcome in order to permit that comparison. And we would submit that when you have five decades of conduct and you have Boeing that was responsible for the initial releases and Boeing that was responsible for the agreed order with the State Department of Ecology and Landau at most came in as an isolated role player at the end of the day, that they are not a significant defendant. I'll reserve the rest of my time. Thank you. Thank you, counsel. May it please the court, David Bigelow and Elizabeth Donaldson on behalf of plaintiffs and appellees. This is in the essence of a local controversy. In fact, as this court has said in Coleman, the local controversy exception is intended to identify a controversy that uniquely affects a particular locality. We are less than 30 miles away from a place in which Boeing for decades polluted virtually the doorsteps of the plaintiffs in this case. We are not just suing Boeing, however, as the court has already observed. We are claiming separate and distinct and discrete negligence claims against Landau, a company that holds itself out to be a engineering design firm whose specialty is environmental remediation. One of Boeing's claims in its papers to this court was that the plaintiffs did not specifically identify who Landau was, which seems somewhat ludicrous to the extent that Boeing actually hired them, to the extent that Boeing knew exactly who Landau was and what it was charged with to suggest that we have not informed Boeing is absurd. We have to go by the complaint. Okay, so what do you have in the complaint that establishes the local controversy? Paragraph 5.25, Your Honor. The claim that Landau, as a discrete actor, owed a duty to all plaintiffs to exercise reasonable care in their testing, to be specifically, in fact, identify the testing that we believe and have alleged Landau was to do for the areas in which they had not once but twice identified plumes, to do a competent investigation, to do appropriate remediation, to do appropriate cleanup. We further allege, as an element of our damages, that Landau discreetly and individually is responsible for all of the costs associated with those tasks. Where is that in the complaint? That is paragraph 5.28. So is this a significant relief that you're seeking from Landau? We are seeking the relief of the difference in diminution in value, in part because as we... Okay, I want to constrain to your complaint. Constrain to the complaint. We are claiming the diminution in value of the properties as they would be without the pollution, but more particularly, as we allege, without the delay occasioned by Landau's malfeasance. What paragraph is that? Let me clarify that, Your Honor, so I can be absolutely sure. That's still 5.28, looks like. I believe that is 5.28. It may also encompass 5.27. We allege that Landau had an obligation. Now, we have alleged in paragraphs 4.10 through 4.19 that both Boeing and Landau identified a plume of pollution originating and migrating from Boeing's property, that they knew that the movement of volcanic or volatile organic compounds posed a threat to health and safety because, in fact, that's Landau's business. They knew that the pollutants would contaminate the groundwater and the soil without further remediation and potentially, as we've alleged, escape into the air and into the homes. Counsel, the problem, at least as articulated by opposing counsel, is that those are global allegations and do not contribute a significant portion of the blame to Landau. What's your response? Well, as the court has noted already, at the pleading stage, it's a little difficult, particularly under Washington law. There was a reference made to the fact that we failed to include monetary amounts. Well, Washington law does not permit plaintiffs who are alleging, as we are, personal injuries and medical monitoring, as well as damage to property, does not permit us to put monetary amounts into the plaintiff. You could put in joining several liabilities. And, Your Honor, I certainly could have, and that is shortsightedness on my part, and I would ask this court not to hold the clients responsible for my failure to that extent, should the court believe that an amendment for that purpose and any other discrete description of Landau's behavior is necessary. Beyond a suggestion in the previous opinion, we will, in fact, make that amendment. Why didn't you do that based on the hint from the prior opinion? Here's the short and simple answer. That is my shortsightedness. I took the court's discussion about, can you amend the complaint? My response, in fact, was, yes, we can. And the court's observation, the plaintiffs may need to amend their complaint, as directing me to the district court. And as we see now, that was a misplaced assessment on my part. However, in fact, as we see, the district court observed what we believe is the basis of this complaint, which is we have two discrete claims. It is not one compressed claim. It is two claims, Boeing's pollution, Landau's cleanup. Landau, as this court has again noticed this morning, has the obligation to perform their tasks in a skillful and reasonable way. And we allege they didn't do it. Now, Washington- Well, I have a question about significant relief. Okay. If, in other words, if, does CAFA's local controversy exception require a court to determine whether the claims against the in-state defendant are significant in and of themselves or significant in comparison to the claims against the out-of-state defendant? Because Boeing's saying, hey, well, they're saying right here, hey, we're the big polluters for these purposes. So Landau is like a small fish. So what does significant relief mean? Significant relief on the facts of this case means, as we have alleged in the 5.21 through 2.8 paragraphs, that Landau had a duty under Washington law to perform its tasks competently, that Landau failed to perform those tasks, and more specifically, that, and discreetly, not as counsel has suggested that we simply lumped all the complaints together, we have alleged that Landau was responsible for testing, where, and we further allege that where there's pollution, there is a need for remediation. One job for Landau is that remediation. And to the extent that Landau didn't properly test, as we allege, didn't properly plan, as we allege, didn't implement a plan, as we allege, they have caused further delay, as the court has already noted. And that delay in and of itself is a significant damage. And that is a significant basis for our claims. Landau, by the way, does have a duty under Washington law. And we have, in fact, alleged that Landau owes a duty. Now, in its papers, Appellant has cited to Berg v. Shannon-Wilson, Inc., a Washington appellate case to the, for the proposition that the plaintiffs in that case could not show a duty because they were arguing that the defendant had failed to warn those plaintiffs of recommendations that they were making to a third party. The Washington Supreme Court has expressly rejected that concept when, as here, the plaintiffs have alleged a direct negligence claim against a design firm. Under Michaels v. C.H.2M Hill 171, Washington 2nd 587, those plaintiffs alleged liability for the design firm's own active negligence. The Michaels court held that design professionals, such as Landau, have a duty to exercise the degree of care and skill as others in the community. And at paragraph 5.25, we allege that Landau owed that exact duty to exercise reasonable care. We further allege that Landau breached that duty  and track and test and contain. So, to the extent that the appellants have claimed that there was no analysis, for example, of Landau's role, as they do in the brief at page 11, the second remand order, which is a plaintiff's excerpt of record, pages 56 through 59, notes that our first amended complaint claims that Landau affected, through its conduct and negligence, 100% of the plaintiffs. As this court has noted this morning, all the plaintiffs are suing Landau. The district court noted in its order that Landau, independent of Boeing, identified the two forms of pollution. That Landau knew, as we've claimed, that a failure to use reasonable care would cause further contamination and delay. We have alleged further delay and further contamination and failure to properly inform our plaintiffs of what they were facing, because in terms of the actual property claims, Landau's failure, we allege, essentially amounts to exacerbating the stigma already available to the public. And its failure to contemplate how to avoid that or make a public declaration that everything's cleaned up, which hasn't happened, a lot amounts to a significant element of damages. And again, the district court made clear in its remand order at the excerpt of record, page 59, that we have asserted against Landau a separate and distinct negligence claim. And in our prayer for relief, by the way, the plaintiffs have asked for all of the damages against each defendant. We have not conflated the two defendants. We are asking that each defendant be responsible for its damages and for its behavior. I'm sorry, do you agree with Mr. Pasner's contention that CAFA requires a presumption in favor of removal to federal court? Your Honor, as a basic proposition, that is true. And literally days before we appeared, before this panel last year, that wouldn't have been true until the Dart versus Cherokee Industry case came down from the Supreme Court. But independent of that, the courts that have addressed this issue, which is a fairly narrow level of scrutiny at this point, as Benko and Coleman have pointed out, have said that where it's a truly local controversy, then remand is the appropriate response. And this could not be a more local controversy. Now, to the extent that the appellants have claimed we failed to show that Landau's conduct is not important, to suggest that the... ...Landau does not have its own independent duties of investigation and remediation is somewhat absurd. Of course Landau had its own independent duties. And because we can sue Landau, and did under Washington state law, they have the same obligations as any other actor in terms of their negligence claims. Now, one aspect of the case I would commend to the court is the district court case of Anderson versus Hackett from the Southern District of Illinois. In fact, the district court that considered the Coleman matter at first blush used the Hackett case, which is 646 F sub second 1041, as a template to determine whether this was, in fact, a separate and discreet behavior. Simply, that court rejected argument that if the in-state defendant's behavior is not as bad as the out-of-state actor, then it's not significant. And in fact, what it found was, if a local defendant's actions and the allegations against it are a significant aspect of relief for all the plaintiffs as they are here, then there is, in fact, both a significant basis and a significant request for relief. But that kind of goes back to my question. Is it just significant as to Landau? Or is it significant compared to Boeing? Well, here's the problem. Or is it both? Or what are you saying? We would argue that Boeing, that Landau's own conduct is a significant basis of relief. In fact, as the Anderson court pointed out, if we had simply sued Landau for this conduct, which we could under Washington law, we would be entitled to the same relief we're suggesting now, which would therefore make it a significant claim. So independent of Boeing, we have asked for significant relief and we have a significant basis based on Landau's own negligence. Finally... But if it's compared to Boeing, is it significant? Certainly, because the pollution is Boeing's behavior. The cleanup is Landau's. To the extent that Landau has an independent duty to perform that cleanup properly, yes, compared to Boeing's, it is significant. I have one second left, but I would like to point out... Well, Judge Gilman had a question. Yes, you do. I was just going to ask as a follow-up to Judge Callahan, but what about the ratio of Landau to Boeing? Here's the problem with that, Your Honor. One, Washington law is pretty clear that we cannot use a monetary benchmark. We can't put down how much each of these people owes to us. As far as a percentage of harm, to the extent that it was easier to do in Banco because those were sums certain, those were monetary amounts that could be identified, we can't do that here. But once you were in federal court and were invited to amend your pleading, were you still hamstrung by the Washington law? No, Your Honor. We were not... Well, to the extent that, again, and please don't hold this against my plaintiffs, to the extent that I was looking at, did we meet the requirements for remand? I was looking at whether we met the requirements for remand. But as a practical matter, I don't believe we can put in dollar amounts because the process is ongoing. None of our claimants have had their property remediated. None of our claimants know whether there is any particular medical monitoring required. None of our claimants know whether their property is free of pollution or not. And because there is no end point to which we can then say, well, this part was Boeing and this part was Landau, we are not in a position to make that kind of argument. And to finally address, if I may, that issue, we can claim in an amended complaint. And by the way, Boeing has claimed that there's no reason to allow us to amend because after all, we've delayed for two years now. And I'm sorry, but Boeing's complaint that we have delayed is like the Menendez brothers claiming to be orphans. We have filed a complaint, had it remanded, filed an order for remand again and had it remanded. We are back here, but I think the court's earlier questions to Boeing are on point to the extent that we have shown through a discrete claim of negligence that Landau's conduct is significant. And by asking for relief from Landau for the claims we've made against Landau, our relief is significant. We have quantitatively had a problem putting together numbers, but qualitatively, we have shown that we are, in fact, well within the local controversy exception. Thank you, counsel. Thank you, Your Honor. Rebuttal. Thank you, Your Honors. Just to address the question that was raised by Judge Callahan and Judge Gilman, the significant relief test is a relative test. You have to compare the damages sought from the in-state defendant to those sought from the out-of-state defendant. What case supports that? That's Coleman. This court's decision in Coleman, 631 F3D at 1018. And there are other cases as well that have held that from other circuits, and I'm not aware of any case going in the other direction. Just to correct some things that my colleague said about what's in the complaint. The complaint does not allege that Landau was responsible for the testing. The complaint alleges in 4.18 that Landau and Boeing conducted the testing and sampling. That's all it says. But it does say that Landau had a duty to the plaintiffs. Yes, it alleges that Landau had a duty. And if that's all that you have to do, then the burden... One of the things you said it did not allege, but when you were ticking off the things that it didn't have, you said one of them was there was no duty alleged, but there was a duty alleged. Well, Judge Rawlinson, we acknowledge there was a duty alleged. Our position is that does not state a cognizable duty under Washington law. And the only theory that plaintiffs rely on in their briefing is third-party beneficiary status. They haven't alleged that they're third-party beneficiaries of the Boeing-Landau contract. They haven't stated a third-party beneficiary claim. You have to plead it. You can't just plead negligence and then expect the court to fill in the gaps with claims that you haven't even raised. And then even if they had plead it under clear Washington law, as the district court found, there is an express disclaimer of third-party rights in the Boeing-Landau contract. Hey, look, Coleman says you look only at the complaint, right, to determine jurisdiction. Yes, but the contract is incorporated into the complaint. It's referenced in the complaint. This court can take judicial notice. The district court took judicial notice of the contract and that would be consistent with limiting it to the complaint. In any event, they haven't pled third-party beneficiary. Let me just focus on significant... Counselor, before we leave Coleman, could you tell me the specific language on page 1018 that you're relying on to say that there must be a comparison between the defendants? The great bulk of any damage award is sought from the out-of-state defendant rather than from the local defendants. They're talking about significant relief. They're not talking that it has to be... You're, I think, reading too much into that. In that case, that's what they're saying. But where does it say that you have to show a comparison like what Judge Rawlinson said, that significant relief can't just be significant relief in and of itself? Well, I would submit that just the way I read that language, it's saying that the standard is whether the great bulk... Is sought from the in-state rather than the out-of-state. And there... Some courts have taken this example to mean that a district court, as part of this determination, should make a factual decision. So it doesn't say that that's a requirement. No, my only point, Judge Rawlinson, is that the standard is not whether it is an absolute amount of significant relief. It's whether it's significant compared to... Well, my question to you was what case says, and I think Judge Gilman asked the question as well, what case says that there must be a comparison between the defendants in order to establish that there is significant relief sought? And you said Coleman sets forth that requirement. Yes, we would read Coleman to do so at 1018. Also, the Woods case out of the 10th Circuit, 771 F3D at 1269. As compared to the out-of-state defendants, plaintiffs simply do not seek significant relief from local defendant. And then Evans, 449 F3D at 1167, analyzing whether relief sought from local defendant has comparative significance relative to the relief sought from out-of-state defendants. We would submit all the cases, all the circuit courts have held that. There are no cases going the other direction. If I may just finish up with one final... Setting forth, that's just restating what the law requires. It's not giving us a definitive example of how that comparison is made. It's really just restating the requirement that's set forth in the statute, right? That's right. And it just sets forth that it's a comparative requirement. And it doesn't tell us how we compare it. So it's how we make the comparison is pretty much left to us. Well, there may be cases at the margin that are difficult and would require some line drawing. This case is not one of those difficult cases. First of all, all the plaintiffs seek in their complaint is relief from Landau that is sufficient to compensate them for the harm from Landau's negligence. They don't tell us what that negligence was. They don't tell us how significant that negligence was in connection with their harms. They don't provide any basis for even knowing what relief it is they're seeking. And they don't have a discovery yet. Well, yes, Judge Gilman, but that's their burden at this stage is to supply the detailed allegations that would permit that type of comparison. That's why this court in the first appeal gave them the opportunity to amend and they didn't even try. They didn't even make an effort to satisfy these requirements. And the Supreme Court has been clear. The complaint has to provide sufficient details that permit a determination that the conduct and relief sought from the in-state defendant are significant. Thank you, Your Honors. Thank you, counsel. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court that completes our oral argument calendar today. We are on recess until 9 a.m. tomorrow morning.
judges: Gilman, Rawlinson, Callahan